UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Paul Townsend McChesney,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
IN RE:⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀C/A No.: 6:08-546-GRA
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Andria Priestley,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)⠀⠀⠀⠀**ORDER**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀(Written Opinion)
⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Michael J. Astrue,⠀⠀⠀⠀⠀⠀)
Commissioner of Social Security,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀)
_____)

⠀⠀⠀⠀⠀Plaintiff's attorney, Paul T. McChesney, ("Petitioner") petitions this Court for

an award of attorney's fees in the above-captioned case pursuant to the Equal

Access to Justice Act ("EAJA"). Petitioner seeks $6,661.57 in fees.[1] Defendant

Commissioner of Social Security ("the Government") objects to an award of

attorney's fees, or in the alternative, seeks a reduction of the fee amount. For the

reasons discussed herein, Petitioner is awarded $987.22 in fees under the EAJA.

⠀⠀⠀⠀_____

⠀⠀⠀⠀[1]⠀⠀⠀Petitioner also asks the Court to direct the Government to allow thirty (30) days
⠀⠀⠀⠀after service of the notice of the past due benefit amount to file her petition for
⠀⠀⠀⠀fees under 42 U.S.C. § 406(b). The Government does not object to this request
⠀⠀⠀⠀and it is therefore granted. *See* Local Civil Rule 83.VII.07(A) (providing a 60-day
⠀⠀⠀⠀period after issuance of the award notice to petition for attorney's fees).

## Background

Plaintiff brought this action pursuant to 42 U.S.C. 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. In a Report and Recommendation filed on May 8, 2009, Magistrate Judge William M. Catoe recommended that the Commissioner's decision be reversed, and that the case be remanded to the Commissioner for further proceedings. The Government did not file any objections. In an order filed on May 22, 2009, this Court adopted the magistrate's recommendation and reversed the Commissioner's decision denying benefits under sentence four of § 405(g) and remanded the action to the Commissioner.

On August 26, 2009, Petitioner filed a Motion for Attorney's Fees under the EAJA seeking $6,661.57 in fees for 38.80 hours of work at $171.69 per hour. This amount represents work performed by three attorneys: (1) Petitioner, an attorney licensed in the State of South Carolina, performed 5.75 hours of work for a total of $987.22; (2) Charles L. Martin, an attorney licensed in Georgia but not South Carolina, performed 8.55 hours of work for a total of $1,467.95; and (3) Perrie H. Naides, an attorney who works for Mr. Martin and is licensed in Pennsylvania but not South Carolina, performed 24.50 hours of work for a total of $4,206.40.

On September 14, 2009, the Government filed a Response to Petitioner's Motion. The Government objects to awarding attorney's fees in this case because it contends the Government's position in defending the case was substantially justified. In the alternative, the Government requests that attorney's fees be awarded in an amount less than that requested by Petitioner. On September 24, 2009, Petitioner filed a Reply to the Government's Response. Petitioner argues that attorney's fees are appropriate because the Government failed to carry the burden of showing that it was substantially justified with respect to all of its positions. Additionally, Petitioner argues that the fee amount is reasonable.

## Discussion

Although the Government's position was not substantially justified, a reduction of fees is appropriate.

A.    Government's Position Was Not Substantially Justified

The Government first objects to an award of fees because it claims its position in the litigation was substantially justified. In the Report and Recommendation adopted by this Court, the magistrate concluded the following: the Administrative Law Judge ("ALJ") failed to properly weigh the opinion of several treating physicians; the ALJ failed to explain how Plaintiff's obesity affected her residual functional capacity; the ALJ discredited Plaintiff's subjective complaints solely because of contrary medical findings; and the Appeals Council failed to

articulate reasons for finding that additional evidence did not form a basis for changing the ALJ's decision.

The United States Court of Appeals for the Fourth Circuit has instructed that "the government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record." *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983). Substantial justification accordingly requires justification to "a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Government's position must have had "a reasonable basis both in law and fact." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984); *see Pierce*, 487 U.S. at 565.

In support of its contention that its position was substantially justified, the Government makes several arguments.

I.     Treating Physicians

The Government argues it was reasonable for the ALJ to discount the opinions of two treating orthopedic surgeons and one examiner because the doctors' conclusions stood "in direct contrast to their own treatment notes . . . ." (Def.'s Resp. at 3, Dkt. No. 34.) The Government contends that a physician's opinion may be accorded significantly less weight when not supported by clinical evidence.

Although a treating physician's opinion may be given less weight in some rare circumstances, the ALJ gave virtually no weight at all to the opinions of three

treating physicians. (*See* Mag.'s Rep. and Rec. at 16, Dkt. No. 26.) Additionally, the physicians' opinions were not inconsistent with other substantial evidence in the case, and therefore their opinions should have been given far greater, if not controlling, weight. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). For example, one physician noted Plaintiff complained of leg problems. Although her x-rays were normal, a nerve conduction study showed findings that matched Plaintiff's symptoms. Still, the ALJ cited only the normal x-rays and ignored the evidence that supported her pain. (*See* Mag.'s Rep. and Rec. at 16, Dkt. No. 26.) The Government's position was not substantially justified because it was unreasonable for the ALJ to discount the opinions of the treating physicians.

II.     Obesity

The Government argues that because the ALJ found that Plaintiff's obesity was a "severe" impairment, it was reasonable for the ALJ to find that Plaintiff's combination of impairments limited her to light work with a sit or stand option. The Government further argues that it was substantially justified because the ALJ explicitly stated that he had considered Plaintiff's obesity when assessing her residual functional capacity.

As the magistrate pointed out, the ALJ merely claimed he considered Plaintiff's obesity in determining his assessment. "[H]e failed to provide any explanation as to how this severe impairment factored into his assessment." (Mag.'s Rep. and Rec. at 21, Dkt. No. 26.) Given this utter lack of explanation, the

Government was not substantially justified in taking the position that the ALJ properly executed his duties with regard to assessing Plaintiff's obesity. *See* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *7 (Sept. 12, 2002).

III.     Plaintiff's Credibility and Evidence Submitted to Appeals Council

The Government argues that it was substantially justified in arguing that the ALJ properly considered Plaintiff's subjective complaints and that the Appeals Council properly considered additional evidence submitted by Plaintiff. Although the Government's position on these issues was slightly more defensible, it is telling that the Government failed to file any objections to the Magistrate's Report and Recommendation, which completely contradicted the Government's assertions.

However, this Court need not further discuss whether the Government was substantially justified as to these two issues. It is enough that they were not substantially justified in arguing that the ALJ properly considered the opinions of the treating physicians and that the ALJ properly considered Plaintiff's obesity. "The [G]overnment's burden of showing substantial justification is a strong one and is not met merely because the Government produces 'some evidence' in support of its position." *Hurell v. Barnhart*, 444 F. Supp. 2d 574, 576 (D.S.C. 2006) (citing *Petrella v. Sec. of Health and Human Servs*., 654 F. Supp. 174 (M.D. Pa.1987)). Therefore, after thoroughly reviewing the record, this Court finds the Government's position was not reasonably based in law and fact, and an award of attorney's fees is proper in this matter.

B.    Fee Reduction is Appropriate

The Government also objects to the requested amount of attorney's fees. Specifically, the Government contends that Petitioner should not be compensated for the time spent by Mr. Martin, and his subordinate Ms. Naides, because neither attorney is licensed to practice law in this state, neither attorney filed an application for *pro hac vice* admission, and both attorneys have been repeatedly cautioned by courts in this District to apply for *pro hac vice* admission before petitioning courts in this District for fees.

The EAJA provides a mechanism for a plaintiff to recover her attorney's fees when the plaintiff prevails in a lawsuit against the United States Government. 28 U.S.C. § 2412(d)(1)(A). The statute specifically provides that the court "shall" award these costs "*unless* the court finds that the position of the United States was substantially justified or that *special circumstances make an award unjust*." *Id*. (emphasis added). In this case, it would be unjust to award fees based on the work of Mr. Martin's firm.

In at least four cases since May 2008, courts in this District have cautioned Mr. Martin against continuing to represent clients in the District of South Carolina without applying for *pro hac vice* admission in this District. In *Tadlock v. Comm'r of Soc. Sec*., No. 8:06-3610-RBH (D.S.C. April 9, 2009), and *Thompson v. Comm'r of Soc. Sec*., No. 0:07-1424-RBH (D.S.C. May 12, 2009), the Honorable R. Bryan Harwell awarded fees for Mr. Martin's and Ms. Naides's work but advised that "in

future cases before this Court, the plaintiff's South Carolina counsel should petition the Court for admission *pro hac vice* for any out-of-state counsel for whom he intends to petition for attorney's fees." *Tadlock* at 4, *Thompson* at 3-4. In *Freeman v. Astrue*, No. 0:06-02255-TLW-BM (D.S.C. July 24, 2008), the Honorable Terry L. Wooten stated that it "may consider reducing the rate of out of state counsel" if Mr. Martin did not file *pro hac vice* motions in the future. *Id*. at 2. And in *Pace v. Astrue*, No. 9:07-00546-SB (D.S.C. May 9, 2008), the Honorable Sol Blatt "strongly recommend[ed] that counsel who are engaged in the preparation of briefs on behalf of a client and who hold themselves out as representing that client apply for *pro hac vice* admission." *Id.* at 2. All of these warnings came well before Petitioner filed the current Motion for Attorney's Fees, but Mr. Martin and his associate chose to ignore these repeated warnings and proceed without obtaining *pro hac vice* admission.

Recently, in *Mortensen v. v. Comm'r of Soc. Sec.,* No. 8:07-547-JFA (D.S.C. July 29, 2009),[2] the Honorable Joseph F. Anderson, in what this Court considers to be a thorough and well-reasoned opinion, denied attorney's fees for Mr. Martin and Ms. Naides. Judge Anderson pointed out that Mr. Martin has filed briefs for plaintiffs in at least fifty-eight cases in this district, all involving Petitioner as counsel of record.

---

[2]   On July 29, 2009, Judge Anderson entered one Order on Motion for Attorney's Fees in three cases: *Mortensen v. v. Comm'r of Soc. Sec.*, No. 8:07-547-JFA, *Davis v. Comm'r of Soc. Sec.*, No. 2:07-1621- JFA, and *Peter v. v. Comm'r of Soc. Sec.*, No. 3:07-3785-JFA. This opinion is attached to this Order.

Forty-five of these cases have come in the last five years. In all of these cases, attorney Martin either signed court documents as "attorney for plaintiff," filed affidavits in support of requests for attorney's fees attesting that he was "counsel for the plaintiff in the above-entitled action" and that he "represented" the plaintiff before the district court, or both.

*Mortensen* at 3. Judge Anderson found that Mr. Martin was using a "hybrid form of representation" and avoiding the liability of licensure while reaping the benefits of representing clients. *Id*. at 5. "If attorney Martin's practice involves representing clients in this court, he ought to be licensed to do so."

Petitioner claims that most decisions in this District reject Judge Anderson's reasoning. However, none of the cases cited by Petitioner squarely address this issue. In one of the cases cited by Petitioner, *Clowney v. Comm'r of Soc. Sec*., 8:07-856-CMC (D.S.C. Sept. 15, 2008), the Honorable Cameron McGowan Currie held that the use of contract attorneys who are not admitted to practice before this court did not preclude recovery of attorney's fees at an attorney's rate. This Court agrees that as a general rule, contract attorneys *may* recover attorney's fees at an attorney's rate. However, here the Court is dealing with a law firm with continuous and long-term connections with this District.

This Court has found one case that has awarded attorney's fees to Mr. Martin in light of similar objections by the Government. In *Alverson v. Comm'r of Soc. Sec*., No. 2:08-3092-CMC (D.S.C. October 6, 2009), Judge Currie granted an award of attorney's fees to Mr. Martin and Ms. Naides, and distinguished her ruling from Judge Anderson's holding in *Mortensen*. Judge Currie based her decision, in

part, on Mr. Martin's and Ms. Naides's declarations that they provide only brief writing services. *Alverson*, at 3. However, Judge Currie noted that she "remain[ed] concerned with [Petitioner's] extensive use of non-admitted attorneys, particularly in light of the various orders [cautioning Mr. Martin]." *Id*.

This Court shares Judge Currie's concerns, and finds Judge Anderson's analysis in *Mortensen* instructive in evaluating the case at bar. In this case, like *Mortensen*, Mr. Martin signed both Plaintiff's Brief and Reply Brief as "Attorney for Plaintiff." In the affidavit attached to Petitioner's Motion for Attorney's Fees, Mr. Martin titled the document "Affidavit of Counsel for the Plaintiff." Both Mr. Martin and Ms. Naides signed their affidavits as "Attorney for Plaintiff."

Mr. Martin and Ms. Naides appear to have changed the language in the body of their standard affidavits in these types of cases to remove declarations that they represent a specific plaintiff. They now explain that they merely provide brief writing services for Petitioner. This appears to be a distinction without much of a difference. Of the 38.80 attorney hours logged in this case by Plaintiff's counsel, eighty-five percent of that time was logged by Mr. Martin or Ms. Naides. Moreover, Mr. Martin, and in some instances Ms. Naides, still signed the briefs and affidavits in this case as attorneys for plaintiff. But by not applying for *pro hac vice* admission these attorneys were never licensed to represent any plaintiff before this Court.

It is also important to examine the context in which this case arises. Mr. Martin and his associates do a significant amount of legal work in this state. In

Social Security disability cases, especially as they proceed through the district courts, the gravamen of the case is litigated by way of briefings. In many of the cases in which Mr. Martin's firm provides "assistance," it is actually providing the vast majority of the effort. Yet by hiding behind the label "contract attorneys" Mr. Martin and his associates avoid much of the liability. Consider the repeated admonishments from courts in this District that Mr. Martin's firm refrain from its extensive work in this state without its associates first obtaining some form of licensure. Mr. Martin and his associates have been able to flatly ignore these warnings because of the very reason they were issued: this Court has limited power over Mr. Martin's extensive, yet unlicensed practice before this Court. As Judge Anderson explained in *Mortensen*:

> However, the question, as the court sees it, is whether the court is required to compensate an unlicensed attorney who improperly represents clients in this district as if the attorney were licensed to practice law in this district. The court finds that public policy commands this answer to be "no." The EAJA requires that an attorney's fee be reasonable and that it be awarded "based upon prevailing market rates for the kind and quality of services furnished." [28 U.S.C.] § 2412(d)(2)(A). Public policy commands that there be no market for attorneys' services which flout a jurisdiction's licensure rules.

*Mortensen*, at 8-9.

Accordingly, the special circumstances of Mr. Martin's work in this case make the requested award of attorney's fees for Mr. Martin and Ms. Naides unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

## <u>Conclusion</u>

After thoroughly reviewing the record in this case, the Court finds the Government's position was not reasonably based in law and fact, and an award of attorney's fees is proper in this matter. However, given Mr. Martin's extensive practice in this District, coupled with the repeated warnings by several federal judges in this District to Mr. Martin's firm about practicing in South Carolina without obtaining *pro hac vice* admission, this Court will reduce the award so as to only compensate Petitioner.

IT IS THEREFORE ORDERED that Plaintiff's attorney, Paul Townsend McChesney, be awarded nine hundred and eighty-seven dollars and twenty-two cents ($987.22) in attorney's fees and costs pursuant to 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 24 , 2009
Anderson, South Carolina